## JOHN STRANGE v. THE STATE.

### *No. 296.   Decided May 5.*

**Threats of Prosecution to Extort Money—Allegation and Proof—Variance.**
On a trial for threats to extort money, where the information alleged threats to prosecute before the Justice Court of Precinct No. 1 of B. County, *Held,* that this allegation was essential to the identity of and constituted part of the offense, and that not being proved as alleged, the variance was fatal to the conviction.

APPEAL from the County Court of Brown.   Tried below before Hon. CHARLES ROGAN, County Judge.

This appeal is from a conviction under article 649 of the Penal Code for threats of prosecution to extort money, the punishment assessed being a fine of $350.

The charging part of the information is set out in the opinion below.

There were but two witnesses examined at the trial, and while they testified to the facts and circumstances of a threatened prosecution against R. L. Phillips, Sr., for sodomy, and payment of property made by Phillips and his son to appellant to stop the prosecution, there is not a scintilla of testimony in support of the allegation in the information that the threat was to accuse Phillips of said crime before the "Justice Court of Precinct No. 1 of Brown County," nor was said court alluded to in the evidence, nor did it appear that the parties, or either of them, even lived in said precinct.

*Bell & Bell*, for appellant.—The information charges, that the defendant "unlawfully and willfully, and with the intent to extort money and pecuniary advantage of R. L. Phillips, Sr., did unlawfully threaten to accuse the said R. L. Phillips, Sr., before a court, to wit, the Justice Court of Precinct No. 1 of Brown County, Texas," of a felony, etc. If the court will examine the statute it will be apparent that the offense is complete if the threat be made to accuse another of a felony with blackmailing intent "before any court." We will not discuss the question as to whether or not good pleading makes it obligatory upon the State to specify the particular court before which the threat to accuse is made. We are content with the statement that in this case the State chose to specify that the threat was to accuse before "the Justice Court of Precinct No. 1, Brown County, Texas." Whether a necessary allegation or not, it is descriptive of the offense, and must be proved as alleged. Coffelt v. The State, 27 Texas Crim. App., 608; Childers v. The State, 16 Texas Crim. App., 527; Gray v. The State, 11 Texas Crim. App., 411; Cameron v. The State, 9 Texas Crim. App., 336; Lloyd v. The State, 22 Texas Crim. App., 646; Withers v. The State, 21 Texas Crim. App., 210; Moore v. The State, 20 Texas Crim. App., 275; Davis v. The State, 13 Texas Crim. App., 215; Jones v. The State, 12 Texas Crim. App., 424; Allen v. The State, 8 Texas Crim. App., 360; Wallace v. The State, 10 Texas Crim. App., 255; Simpson v. The State, 10 Texas Crim. App., 681; Massey v. The State, 5 Texas Crim. App., 81; Hampton v. The State, 5 Texas Crim. App., 463; McGee v. The State, 4 Texas Crim. App., 625; Sweat v. The State, 4 Texas Crim. App., 617; Courtney v. The State, 3 Texas Crim. App., 257; Soria v. The State, 2 Texas Crim. App., 297; Warrington v. The State, 1 Texas Crim. App., 168; Rangel v. The State, 1 Texas Crim. App., 461; Benson v. The State, 1 Texas Crim. App., 6.

It is not claimed, it is not pretended, that this descriptive (and we think necessary) allegation was proved or was attempted to be proved. There is not in all the evidence so much as an intimation that the threat was to prosecute before the "Justice Court of Precinct No. 1, Brown County, Texas."

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Omitting the formal parts, the information charges, that "One A. F. Harper, together with J. W. Strange, Bird Phillips, and S. J. Bruton, * * * did then and there unlawfully and willfully, and with the intent to extort money and pecuniary advantage of R. L. Phillips, Sr., did unlawfully threaten to accuse the said R. L. Phillips, Sr., before a court, to wit, the Justice Court of Precinct No. 1 of Brown County, Texas, of a felony, to wit, of the offense of having, in Brown County, Texas, on or about the 24th day of April, 1891, committed with a beast, to wit, a mare—a female of the horse species—the abominable and detestable crime against nature, of sodomy; by then and there having carnal intercourse with said mare, a beast, as aforesaid. * * *" The evidence fails utterly to show that any threat was made by defendant or his codefendants to prosecute Phillips in the Justice Court of Precinct No. 1 of Brown County, Texas. Variance is urged in this regard, and we think the point well taken. This allegation constituted part of the offense, was pleaded as part of the threat, identified the threat charged to have been made, and put the parties upon notice that such state of facts would be proved against them. Penal Code, art. 649.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.